# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
February 4, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TINA L. ELLIS,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0245** (BOR Appeal No. 2049802)
                    (Claim No. 2013013847)

**HMA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tina L. Ellis, by Stephen P. New, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. HMA, Inc., by Jillian L. Moore, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 25, 2015, in which the Board affirmed a September 17, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 24, 2013, decision closing the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Ellis, a registered nurse, sustained injuries to her back in the course of her employment on November 24, 2012, while turning a patient. She eventually underwent disc fusion surgery at L5-S1, and in a June 20, 2013, treatment note, Ben Garrido, M.D., her surgeon, stated that she was four months post-surgery, was doing well, and could return to work with no restrictions. On August 19, 2012, Dr. Garrido noted that Ms. Ellis was still doing well, her pre-operative leg pain was gone, and she was back to work and regular exercise. She reported only minimal back discomfort at that time. Ms. Ellis was then evaluated by Paul Bachwitt, M.D. Dr.

1

Bachwitt opined that Ms. Ellis could continue to work full time with no restrictions. She was determined to be at maximum medical improvement. On October 31, 2013, Dr. Garrido's treatment note stated that Ms. Ellis was still doing very well. She reported to him that she was working six days a week, twelve hours a day in the emergency room. She stated that lifting patients aggravated and increased her right leg pain but she denied experiencing any back pain.

The claims administrator closed the claim for temporary total disability benefits on June 24, 2013. The Office of Judges affirmed the decision in its September 17, 2014, Order. It determined that the claim was closed for benefits as evidence had not been received showing that Ms. Ellis continued to be temporarily and totally disabled. The Office of Judges found that Dr. Garrido released her to return to work with no restrictions on June 20, 2013. Additionally, Dr. Bachwitt found that she had reached maximum medical improvement in his October 9, 2013, independent medical evaluation. The Office of Judges also noted that the last report from Dr. Garrido stated that Ms. Ellis continued to work. The Office of Judges therefore found that the claim was properly closed for temporary total disability benefits. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 25, 2015.

On appeal, Ms. Ellis argues that though she returned to work, she has since stopped working pending another back surgery. She asserts that the surgery is related to the compensable injury and she is therefore entitled to continued temporary total disability benefits. HMA, Inc., argues that Ms. Ellis was released and did return to work with no restrictions. It asserts that there is no evidence to refute the finding of maximum medical improvement and she is therefore not entitled to continued temporary total disability benefits.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Pursuant to West Virginia Code § 23-4-7a (2005), temporary total disability benefits are suspended once a claimant has reached maximum medical improvement, has been released to return to work, or has actually returned to work, whichever occurs first. The evidence in this case shows that Ms. Ellis was released to return to work by her treating surgeon, was found to be at maximum medical improvement, and also returned to work. Her temporary total disability benefits were therefore properly suspended.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 4, 2016**

2

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II